UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

JORGE ANDUJAR-ORTIZ,

               Defendant.
_____

**DECISION AND ORDER**

6:18-CR-06136 EAW
6:18-CR-06137 EAW

# BACKGROUND

Defendant Jorge Andujar-Ortiz ("Defendant") was convicted in the District of Puerto Rico of the following crimes: (1) possession of firearm in furtherance of drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (*see United States v. Andujar-Ortiz*, No. 6:18-CR-06137, Dkt. 1-4 at 1 (W.D.N.Y. Sept. 27, 2018)); and (2) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1)(C) (*see United States v. Andujar-Ortiz*, No. 6:18-CR-06136, Dkt. 1-1 at 25 (W.D.N.Y. Sept. 25, 2018))[1]. On June 16, 2009, Defendant was sentenced to 24 months in prison for the drug crime and 10 years in prison for the § 924(c) crime, to be served consecutively, along with five years supervised release for each crime to be served concurrently. (Dkt. 1-4 at 2-3 in Case No. 6:18-CR-06137; Dkt. 1-1 at 26-27 in Case No. 6:18-CR-06136). Defendant's supervised

---

[1] The Court hereinafter refers to *United States v. Andujar-Ortiz*, No. 6:18-CR-06136 as "Case No. 6:18-CR-06136" and to *United States v. Andujar-Ortiz*, No. 6:18-CR-06137 as "Case No. 6:18-CR-06137."

- 1 -

release term began on May 11, 2017.  (Dkt. 2 at 1 in Case No. 6:18-CR-06136; Dkt. 2 at 1 in Case No. 6:18-CR-06137).

On August 30, 2018, Defendant's supervision was transferred to this District.  (Dkt. 1 in Case No. 6:18-CR-06137; Dkt. 1 in Case No. 6:18-CR-06136).  On December 14, 2018, the conditions of Defendant's supervision were modified to a two-month curfew monitored by electronic monitoring due to Defendant's repeated unlicensed operation of a motor vehicle, failure to obtain employment, and failure to enroll in language classes as directed.  (Dkt. 2 in Case No. 6:18-CR-06136; Dkt. 2 in Case No. 6:18-CR-06137).

On October 22, 2020, Defendant through counsel filed a motion to terminate his supervised release term early pursuant to 18 U.S.C. § 3583(e).  (Dkt. 3 in Case No. 6:18-CR-06137).[2]  The basis for Defendant's motion is his stated good performance while incarcerated and while on supervision, and his desire to start a car auction business which he alleges he cannot do while on supervision.  (*Id.* at ¶¶ 13-19).  Defendant states in his motion that he believes his probation officer supports his motion.  (Dkt. 3-1 at ¶ 18 in Case No. 6:18-CR-06137).

In fact, the United States Probation Office ("USPO") does not support Defendant's motion.  By memorandum dated November 3, 2020, the USPO noted that while most of Defendant's time in the custody of the Bureau of Prisons was without incident, on October

---

[2]    Defendant only filed the motion for early termination in Case No. 6:18-CR-06137, and the motion failed to acknowledge the drug charge at issue in Case No. 6:18-CR-06136.  Since Defendant is serving concurrent five-year terms of supervised release, the failure to file the motion in Case No. 6:18-CR-06136 is necessarily fatal to Defendant's attempt to end his supervised release term.  Nonetheless, the Court will treat the motion as having been filed in both cases, and this Decision and Order will be filed in each case.

23, 2014, he was found guilty of an infraction classified as a "highest severity offense" for possessing a hazardous tool. Likewise, the USPO notes the modification of Defendant's supervised release term in December 2018, as described above, for various infractions. The USPO memorandum notes that Defendant ultimately did not obtain employment until March 17, 2019, and the USPO is only aware of one job that is verified with pay stubs. The USPO also notes that Defendant has never discussed with his probation officer his desire to start a car auction business.

The government also submitted a letter in opposition to the motion. (Dkt. 3 in Case No. 6:18-CR-06136; Dkt. 6 in Case No. 6:18-CR-06137).

## **ANALYSIS**

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Thus, pursuant to the express terms of § 3583(e)(1), at least one year of supervised release must have been served, the applicable factors set forth at 18 U.S.C. § 3553(a) must be considered, and a court must be satisfied that the early termination is warranted by the conduct of the defendant and the interest of justice. "Simply complying with the terms of [supervised release] . . . and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination. . . ." *United States v.*

*Finkelshtein*, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018); *see*, *e.g.*, *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] . . . post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, Defendant has served the necessary time on supervised release to qualify for an early termination. Furthermore, it is commendable that Defendant appears to be taking positive steps in his life. However, the requested relief is neither warranted based on the applicable factors set forth at 18 U.S.C. § 3553(a) nor is it in the interest of justice. Defendant's underlying crimes—drug trafficking of heroin and possessing a firearm in furtherance of drug trafficking—are extremely serious. Moreover, Defendant's record while incarcerated and compliance with the terms of supervised release are not unblemished. The Court also questions the reasoning behind Defendant's request (to start a car auction business) when he has never even explored that issue with his supervising probation officer.

Based on all the relevant factors, the Court concludes that Defendant's request to terminate his supervised release term early is not warranted.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion (Dkt. 3 in Case No. 6:18-CR-06137) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 8, 2020
       Rochester, New York